MEMORANDUM OF DECISION
This case presents petitions for the termination of the parental rights of Tammy G. and Cruz G., the biological parents of four minor children, Jessica L., now nine years old, Michael G., age eight, Jeremy, age seven and Marcellina, age three. The children were adjudicated neglected on December 7, 1994 and committed to the Commissioner of the Department of Children and Families, hereafter "the Department". CT Page 8658
The court finds that the mother has appeared during the pendency of the case. She has a court appointed attorney. The father has been served, has appeared and had counsel appointed. The court has jurisdiction in this matter; there is no pending action affecting custody of the children in any other court and reasonable efforts have been made to reunify this family. The petition has been amended to allege as the sole ground for termination the consent of both parents.
On September 17, 1997, Tammy G. consented to the termination of her parental rights in open court. She filed written consents and they are found to be voluntarily and knowingly made with the advice and assistance of competent legal counsel and with an understanding of the consequences of her consents to such court action. Also on September 17, 1997, Cruz G. appeared in court and consented to the termination of his rights to these four children. His consents are found to be voluntarily and knowingly made with the advice and assistance of competent legal counsel and with an understanding of the consequences of his consents.
The court having read the verified petitions, the social study and the exhibits admitted into evidence makes the following findings by clear and convincing evidence.
The oldest child, Jessica L., age nine, gets along well with her foster mother and foster sister. She is very active, sometimes in a nervous way. She is a special education third grade student who enjoys bicycle riding, swimming, drawing and "running around". She is coping well with her difficult memories of the past and Dr. Meier, the court ordered psychologist recommended after the completion of an evaluation on July 20, 1996, that permanency planning outside the home be permitted for her.
Michael G., age eight, has had some significant difficulties. Dr. Meier, upon completing of his evaluation, found a long history of psychiatric and psychological interventions. His diagnoses have included attention deficit hyperactivity disorder, disruptive behavior disorder, dysthymic disorder, enuresis and phonological disorder. Michael displays varying degrees of aggression, temper problems, poor affective control and thought disorganization when agitated. He has trouble concentrating. Dr. Meier found Michael to need a therapeutic environment for the foreseeable future and any long term plans would need to involve specialized foster care. CT Page 8659
Jeremy G., age seven, was placed in a foster home after several hospitalizations. He is in special education classes and has a psychiatric nurse assigned to him. He is on medication for his behavior problems, taking Ritalin and Klonopin. His foster parents describe him as a very angry and damaged child who has a sweet and caring side. He will continue to need specialized care.
The youngest child, Marcellina G., age three, has been in foster care since she was six months old. There is some suggestion of developmental delays and early intervention programming was recommended.
The court makes no factual findings required by Connecticut General Statutes § 17a-112 (e) as they do not apply to consenting parties.
DISPOSITION
The court holds by clear and convincing evidence that it is in the best interests of these four children that a termination of parental rights enter with respect to their biological parents, Tammy and Cruz G. and, accordingly, a termination of their parental rights is ordered. It is further ordered that the Commissioner of Department of Children and Families is appointed the statutory parent for these children for the purpose of securing adoptive families. The Commissioner shall file with this court no later than 90 days following the date of judgment a written report of efforts to effect such permanent placements and file further reports as are required by state and federal law.
Barbara M. Quinn, Judge Child Protection Session